PER CURIAM.
We affirm the denial of appellant’s October 2010 Florida Rule of Criminal Procedure 3.800(a) motion. Appellant claims that the trial court lacked jurisdiction in December 2003 when it corrected his sentence on two counts to remove illegal prison releasee reoffender (PRR) designations.
Appellant had filed a notice of appeal a few days before the court held the hearing at which it corrected the sentences. He also complains that his attorney did not appear for the hearing.
During the time permitted for a Rule 3.800(b)(2) motion, the court had jurisdiction to grant the State’s motion to correct the sentence in the defendant’s favor. Fla. R.Crim. P. 3.800(b) (“Motions may be filed by the state under this subdivision only if the correction of the sentencing error would benefit the defendant or to correct a scrivener’s error”). We find no jurisdictional error that warrants postconviction relief.
Appellant was represented at his original sentencing hearing, but not when the court removed the PRR designations. The lack of representation during a portion of a sentencing proceeding does not result in an “illegal sentence” that can be corrected at any time in a Rule 3.800(a) motion. See Jackson v. State, 983 So.2d 562, 574 (Fla.2008). A lack of counsel during a portion of a sentencing proceeding is not a fundamental error. Id. at 574-75. As in Jackson, the defendant in this case was represented during his original sentencing. He lacked counsel only when the court merely removed illegal PRR designations and corrected the sentence in defendant’s favor. Because the court simply vacated the illegal PRR designations in this case, any error is harmless. Id. at 575-76.

Affirmed.

WARNER, DAMOORGIAN and GERBER, JJ., concur.